IROQUOIS INDUSTRIES, INC., a Delaware corporation, Defendant Below, Appellant (who was sued with Scotten, Dillon Company, a Delaware corporation),

v.

Harry LEWIS, Plaintiff Below, Appellee.

Supreme Court of Delaware.

March 25, 1974.

Louis J. Finger, Richards, Layton & Finger, Wilmington, for defendant below, appellant.

Irving Morris and Joseph A. Rosenthal, Cohen, Morris & Rosenthal, Wilmington, and Leonard I. Schreiber, New York City, of counsel, for plaintiff below, appellee.

CAREY, Justice, and TAYLOR and WRIGHT, Judges, sitting.

PER CURIAM:

In this derivative stockholders' action, the defendant corporation appeals from the award of a counsel fee to the plaintiff.

The Court below held that Fox, who was President and Board Chairman of Iroquois, and who negotiated the deal with Scotten, Dillon Company, had a very substantial financial personal advantage to gain by the transaction; wherefore the situation called for the fullest disclosure on his part, which was not made. It further held that the cancellation of the deal by Scotten, Dillon Company did not deprive plaintiff of his right to a counsel fee, if there was "reasonable hope" of success in this case, even if the cancellation was not induced by the present litigation. Chrysler Corporation v. Dann, Del.Supr., 223 A.2d 384 (1966). It then held that the record herein demonstrated a triable issue of fraud under 8 Del.C. § 152, and that "given the significant difference in 'value' on the respective sides (as shown by the market prices for shares), the key position of Fox in the negotiation and his failure to disclose his special interest", the plaintiff had shown a reasonable hope of ultimate success.

The speed with which the defendants withdrew after the filing of the complaint from the transaction which was under attack renders the traditional requirements with respect to pleadings less significant because plaintiff was not afforded

opportunities to amend the pleadings which are customarily available. See McDonnell Douglas Corporation v. Palley, Del.Supr., 310 A.2d 635 (1973).

It is our conclusion, after a review of the record, that there was adequate reason for the allowance of attorneys' fees. We further hold that the amount allowed ($25,000.00) is not unreasonable under the circumstances.

Affirmed.